UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alonzo GIBSON Sr., | Case No.:  26-cv-3888-AGS-DDL |
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 1)** |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, | |
| Defendants. | |

Plaintiff Alonzo Gibson, Sr., proceeding without an attorney, seeks to waive the filing fee for his lawsuit against the San Diego County Sheriff's Department. But he has not justified waiving that fee, and his complaint does not survive the mandatory screening. Thus, his motion is denied and his complaint dismissed, both with leave to refile.

## FILING FEES

Parties instituting a civil action in a federal district court must typically pay filing fees of $405. 28 U.S.C. § 1914(a) ($350 filing fee); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2023) ($55 administrative fee). But if granted the right to proceed *in forma pauperis* ("IFP"), a plaintiff can proceed without prepaying those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Gibson's IFP application, though, is woefully incomplete. (*See generally* ECF 1.) In it, he states that he has no income and that he's "unemployed." (*Id.* at 1–2, 5.) But he's left the rest of the application blank. He has not, for instance, filled in any of the lines concerning assets, cash, bank accounts, or any other requested information. (*See generally id.*) Even though plaintiff "need not be completely destitute to proceed IFP," *see Blount v. Saul*, No. 21-cv-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021), a court should deny IFP status when applicants are "unable, or unwilling, to verify their poverty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The motion to proceed IFP must therefore be denied. Given Gibson's unrepresented status, however, the Court grants

1

him leave to file an updated IFP petition.

## SCREENING

When an individual moves to proceed IFP, the statute also "requires a district court" to screen and dismiss a complaint "that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In his complaint, Gibson alleges that the "ex post facto" clause of "Article 1, Section 9 of the U.S. Constitution" prohibits his "Sex Offenders Registration" requirement and that the Sheriff's Department is committing "an act of treason" in upholding this purportedly "repugnant and unenforceable" obligation. (ECF 2, at 5.) Beyond that, though, his complaint is devoid of any details. (*See generally* ECF 2.) For instance, he doesn't explain what sex-offender-registration condition he's challenging—including whether it's a federal or state requirement—nor does he explain when he was convicted of whatever crime triggered that requirement. "The key *ex post facto* inquiry is the actual state of the law at the time the defendant perpetrated the offense." *Watson v. Estelle*, 886 F.2d 1093, 1096 (9th Cir. 1989). Without those crucial factual details, the complaint does not state a claim for relief that is plausible on its face. The complaint must thus be dismissed.

## CONCLUSION

Thus, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

2. Plaintiff's complaint is **DISMISSED** with leave to amend.

3.  By **August 31, 2026**, plaintiff must pay the full filing fee or file an updated IFP petition. By that same date, he must also file an amended complaint addressing the deficiencies identified above. Failure to do so will result in a final dismissal.

Dated:  July 14, 2026

_____

Hon. Andrew G. Schopler
United States District Judge

26-cv-3888-AGS-DDL